IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE TINAGLIA FAMILY LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09 C 6031 |
| NORTH SHORE CLEANERS, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the reasons stated below, we deny the motions to dismiss.

# BACKGROUND

Plaintiff The Tinaglia Family Limited Partnership (Tinaglia) alleges that it is the owner of a commercial and residential property in Glencoe, Illinois (TFLP Property). Tinaglia further alleges that Defendant Kun Hae Corporation (KHC) owns a piece of Property (Kim Property) that is adjacent to the TFLP Property. Defendant North Shore Cleaners, Inc. (NSC), KHC, Defendant Kun K. Kim (Kun),

1

Defendant Hae Sook Kim (Hae), and Defendant ATC Associates, Inc. (ATC) allegedly operate a dry cleaning establishment on the Kim Property. Tinaglia contends that there has been and continues to be a release of hazardous substances on the Kim Property and that the hazardous substances have migrated to adjacent properties including the TFLP Property. In 2002, Defendants allegedly hired an environmental consultant to investigate a possible contamination problem. Tinaglia allegedly signed an agreement providing consent for Defendants' consultant to test the TFLP Property. Pursuant to that agreement, Defendants were also required to provide Tinaglia with the results of all tests. According to Tinaglia, Defendants falsely reported to Tinaglia both orally and in writing that there was no contamination on the TFLP property. Tinaglia allegedly believed the representations, relied on them, and took no further action to investigate the issue. In February 2008, Tinaglia allegedly attempted to sell the TFLP Property, and as part of the sale, the lender required an environmental assessment. The assessment allegedly showed that the TFLP Property was contaminated by the hazardous substances that had migrated from the Kim Property.

Tinaglia includes in its complaint Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.*, claims brought against all Defendants except ATC (Count I), Resource Conservation and

Recovery Act (RCRA), 42 U.S.C. § 6900 *et seq.*, claims brought against all Defendants except ATC (Count II), negligence claims brought against all Defendants except ATC (Count III), trespass claims brought against all Defendants except ATC (Count IV), private nuisance claims brought against all Defendants except ATC (Count V), breach of contract claims brought against ATC and NSC (Count VI), intentional misrepresentation claims brought against ATC and NSC (Count VII), and negligent misrepresentation claims brought against ATC and NSC (Count VIII). ATC moves to dismiss the claims brought against it in Counts VI, VII, and VIII. NSC, KHC, Kun, and Hae (collectively referred to as "Kim Defendants") move to dismiss all claims.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.; see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946. For the purpose of determining subject matter

jurisdiction, this court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in regards to a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.*, 322 F.3d at 946.

## DISCUSSION

I.  ATC's Motion to Dismiss

ATC moves to dismiss Counts VI, VII, and VIII. We note that ATC indicates in its motion that it is seeking to dismiss Counts V, VI, and VII. (Mot. 1). However, the confusion on ATC's part is due to a mislabeling of the counts in the amended complaint. It is apparent from ATC's arguments that it is seeking to dismiss the claims brought against it, which are Counts VI, VII, and VIII. ATC contends that this court lacks supplemental jurisdiction over the state law claims in counts VI, VII, and VIII, arguing that they are not sufficiently connected to the federal law claims in this case. ATC also argues that the court should decline to exercise supplemental jurisdiction over such state law claims, arguing that they predominate over the federal claims.

A. Common Facts with Federal Claims

ATC contends that there is an insufficient connection between the federal and state law claims in this case and thus, the court lacks supplemental jurisdiction over the state law claims. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court exercising original subject matter jurisdiction over federal claims has supplemental jurisdiction over related state law claims "so long as they derive from a common nucleus of operative fact with the original federal claims." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008)(internal quotations omitted)(quoting *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008)).

In the instant action, the facts all surround the alleged history of contamination of the TFLP Property by Defendants and alleged deception by Defendants over the course of years. Evidence concerning the alleged history of contamination, which will likely involve extensive technical evidence, will be relevant for both the federal and state claims. Whether the TFLP property was contaminated, the extent of contamination, and the timing of the contamination are relevant for the federal claims

and are relevant for the state claims. Causation and damages issues for both the federal and state claims will hinge on many of the same facts and evidence concerning the contamination. For example, in order for Tinaglia to prevail on the RCRA claim, Tinaglia will need to establish that it was Defendants that caused the alleged hazardous materials to appear on the property and that the degree of contamination is sufficient to support a RCRA claim. Likewise, for the misrepresentation claims, it will be necessary for Tinaglia to show that Defendants' conduct caused the TFLP Property to be contaminated and that Tinaglia suffered harm after relying on the alleged misrepresentation.

Also, the precise details of how the hazardous materials allegedly progressed from the Kim Property to the TFLP Property would also be relevant in assessing the reasonableness of the response costs Tinaglia incurred to address the contamination and the need for further remediation. Such details will also be relevant in assessing whether Defendants made a material misrepresentation about the contamination of the TFLP Property and whether the misrepresentation was intentional or negligent. In addition, the specific details regarding the history of and extent of the alleged contamination will be relevant for determining the damages that Tinaglia incurred as a result of reliance on the alleged misrepresentations by Defendants. There is much more than a minor overlap of facts between the state and federal claims in this case,

and both the federal and state law claims are premised on the same nucleus of operative facts.

We also note that ATC argues that a "loose factual connection between the claims" is not sufficient for supplemental jurisdiction. (ATC Reply 2). In this case there is more than a loose factual connection. In addition, although ATC cites a district court case for its proposition, the Seventh Circuit has stated that "[a] loose factual connection is generally sufficient" for supplemental jurisdiction. *Houskins*, 549 F.3d at 495. Thus, we have supplemental jurisdiction over the state law claims in this case.

B. Whether State Law Claims Predominate

ATC also argues that the court should, in its discretion, decline to exercise supplemental jurisdiction over the state law claims on the basis that the state law claims predominate over the federal claims. Pursuant to 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction. . . ." 28 U.S.C. § 1367(c). In the instant action, the state claims are directly related to the federal claims. The claims are intertwined with each other and relate to the same alleged contamination

and alleged deception regarding the contamination. The same technical evidence concerning the contamination will likely be relevant for both the federal and state law claims, and judicial economy would clearly be served if the state law claims and federal claims are decided together in one action. There not a sufficient basis to conclude that the state law claims predominate over the federal claims in this action. Therefore, we deny ATC's request to decline to exercise supplemental jurisdiction over the state law claims, and based on the above, we deny ATC's motion to dismiss.

II. Kim Defendants' Motion to Dismiss

Kim Defendants argue that Tinaglia has not pled sufficient facts to state a CERCLA claim or to show that Tinaglia has standing to pursue the RCRA claim. In addition, Kim Defendants argue that the court should abstain from exercising jurisdiction under the *Burford* abstention doctrine. Finally, Kim Defendants join in ATC's argument that the court should decline to exercise supplemental jurisdiction over the state law claims in this case. In regard to this final argument, as indicated above with respect to ATC's motion to dismiss, the court has determined that it will exercise supplemental jurisdiction over the state law claims in this case.

A. CERCLA Claims

Kim Defendants contend that Tinaglia has not pled sufficient facts for a CERCLA claim. For a CERCLA claim, one of the elements is that a plaintiff must establish that the plaintiff incurred "response costs" that were "necessary" and "consistent with the national contingency plan. . . ." 42 U.S.C. § 9607(a). Kim Defendants contend that Tinaglia has not alleged that it can meet that element. However, Tinaglia specifically alleges that it incurred response costs consistent with the National Contingency Plan. (A. Compl. Par. 5, 50-51). Tinaglia also provides facts concerning some response costs such as that Tinaglia engaged an environmental consultant to perform soil borings to determine the extent of the alleged contamination. (A. Compl. Par. 39). Tinaglia was not required to include all the facts concerning its response costs in the complaint. Such details can be properly addressed after discovery. Tinaglia has thus provided sufficient details to plausibly suggest that it can satisfy the above listed element for the CERCLA claim.

B.  RCRA Claims

Kim Defendants argue that Tinaglia has not alleged sufficient facts to show that Tinaglia has standing in this case. A plaintiff has Article III standing if the plaintiff has "an injury-in-fact capable of being redressed by a favorable decision of the court." *Bond v. Utreras*, 585 F.3d 1061, 1072-73 (7th Cir. 2009). An injury-in-

fact "must be actual or imminent, not conjectural or hypothetical. . . ." *Id.* (internal quotations omitted)(quoting in part *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The threat must also "be fairly traceable to the challenged action of the defendant. . . ." *Pollack v. U.S. Dept. Of Justice*, 577 F.3d 736, 739 (7th Cir. 2009)(internal quotations omitted)(quoting *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1148 (2009)).

Kim Defendants contend that, in this case, Tinaglia has not alleged any imminent and concrete threat. However, Tinaglia has presented allegations concerning the alleged past and possibly current "migration of hazardous substances" from the Kim Property to the TFLP Property since 2002, contaminating the soil and groundwater on the TFLP Property. (A. Compl. Par. 1, 5). Tinaglia contends that the contamination stems from Defendants' still operational dry-cleaning establishment and that the contamination is creating "imminent and substantial endangerment to human health. . . ." (A. Compl. Par. 18-22). In arguing that Tinaglia has not shown a concrete threat of harm, Kim Defendants are seeking to challenge the accuracy of Tinaglia's allegations, which is improper at the pleadings stage.

Kim Defendants also contend that Tinaglia has not presented sufficient allegations concerning causation to show that Tinaglia has standing. As with the

threat of injury, Tinaglia has clearly put forth allegations plausibly indicating that Kim Defendants' actions are causing immediate harm to Tinaglia. Tinaglia has presented allegations to plausibly suggest that Kim Defendants operated a dry cleaning business on the Kim Property with hazardous substances, that such substances contaminated the Kim Property, and that such substances migrated to the adjacent TFLP Property. Tinaglia has also demonstrated that a favorable decision in this case could prevent further injury and provide redress to Tinaglia for the injury. *Pollack*, 577 F.3d at 739. Therefore, based on the above, we deny Kim Defendants' motion to dismiss the RCRA claim.

C. Abstention

Kim Defendants argue that the court should abstain from exercising jurisdiction over the RCRA claim under the *Burford* abstention doctrine. Under the *Burford* abstention doctrine "a federal court should abstain from exercising jurisdiction when the case before it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar or where the exercise of federal review of the question in a case . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Behavioral Institute of Indiana,*

12

*LLC v. Hobart City of Common Council*, 406 F.3d 926, 931 (7th Cir. 2005)(internal quotations omitted)(quoting in part *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989)). In assessing whether to abstain under the *Burford* abstention doctrine a court should consider: "(1) whether the suit is based on a cause of action which is exclusively federal, . . . (2) whether difficult or unusual state laws are at issue, . . . (3) whether there is a need for coherent state doctrine in the area, . . . and (4) whether state procedures indicate a desire to create special state forums to adjudicate the issues presented. . . ." *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 708-09 (7th Cir. 1991).

In regard to the RCRA claims in this case, the RCRA vests exclusive jurisdiction over such claims in the federal courts. 42 U.S.C. § 6972(a)(2). Thus, Kim Defendants' argument that this court, which is vested with exclusive jurisdiction over such claims, should abstain and allow a state agency to handle the issue is not a logical argument, nor is it consistent with the RCRA. The Seventh Circuit has rejected the application of the *Burford* abstention doctrine in RCRA cases, indicating that to allow abstention "would be an end run around RCRA." *PMC, Inc. v. Sherwin-Williams Co.*, 151 F.3d 610, 619 (7th Cir. 1998). Kim Defendants, in fact, fail to cite a single RCRA case in which a court abstained under the *Burford* abstention doctrine. The Seventh Circuit has indicated that the RCRA provides

citizens with a cause of action and certain remedies and, if governmental entities do not seek to invoke the protections of the RCRA, citizens should be able to utilize the RCRA as provided by Congress. *Id.* We also note that Kim Defendants have not shown that there are any formal agency proceedings that are in progress or that this action would interfere with any such proceedings. Tinaglia also points out that, consistent with the RCRA, it provided governmental agencies with notice of its intent to file a RCRA claim, and no governmental entity chose to step in and pursue a RCRA claim against Defendants. Thus, Kim Defendants have not shown that abstention is appropriate in this action, and based on the above, we deny Kim Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motions to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 27, 2010